Kverel v Silverman (2019 NY Slip Op 04153)





Kverel v Silverman


2019 NY Slip Op 04153


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-01432
 (Index No. 5226/15)

[*1]Eugene Kverel, et al., respondents,
v
Philip Silverman, appellant.


Spolzino Smith Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for respondents.



DECISION & ORDER
In an action for injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated December 11, 2017. The order granted the plaintiffs' motion for summary judgment on the amended complaint and, in effect, dismissing the defendant's counterclaim, and enjoined the defendant from performing any construction on certain residential property owned by the defendant pending "further order of th[e] [c]ourt and proof of compliance with all applicable ordinances and regulations," and denied the defendant's cross motion for summary judgment dismissing the amended complaint and on his counterclaim.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the amended complaint, and substituting therefor a provision denying that branch of the motion as academic, and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the amended complaint, and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order is affirmed, without costs or disbursements.
The defendant's contentions that the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the amended complaint and should have granted that branch of his cross motion which was for summary judgment dismissing the amended complaint have been rendered academic in light of our determination on a companion appeal (see Kverel v Silverman, ___ AD3d ___ [Appellate Division Docket Nos. 2015-10744, 2016-04084; decided herewith]). The only remaining issue is the defendant's contention that the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment dismissing his counterclaim, which alleged that the plaintiffs breached a stipulation of settlement entered into between the parties in March 2013 (hereinafter the stipulation).
The stipulation provided, in relevant part, that the plaintiffs consent to "a judgment declaring that [the defendant is] entitled to build upon the Premises any single family residence for which they have obtained a building permit from the Town of Southampton whether the residence is the one currently planned by [the defendant] or one larger and more extensive so long as it [*2]complies with Town of Southampton law, ordinances, and regulations." Contrary to the defendant's contention, the plaintiffs did not breach the stipulation by commencing this action to enjoin the defendant's construction of a dwelling on his property. Although it is undisputed that a building permit was issued for the defendant's construction, the plaintiff was not precluded from commencing an action for injunctive relief based on claims that the defendant's construction, for which he obtained a building permit, was in violation of Southampton Town Code.
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's counterclaim, and denying that branch of the defendant's cross motion which was for summary judgment on his counterclaim.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court